USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/24

**GOTTLIEB & ASSOCIATES PLLC**
**ATTORNEYS**

MEMORANDUM ENDORSED

150 E. 18 St., Suite PHR, New York, NY 10003
212 228-9795    www.gottlieblaw.net

December 6, 2024

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *Knowles v. Absorption Pharmaceuticals, LLC,*
Case No.: 1:24-cv-5943

Dear Judge Woods,

The undersigned represents Carlton Knowles, on behalf of himself and all other persons similarly situated ("Plaintiff") in the above referenced matter against Defendant, Absorption Pharmaceuticals, LLC, ("Defendant"). The undersigned respectfully requests that the Initial Conference scheduled for December 10, 2024, at 4:00 PM (Dkt. 5) be adjourned for 60 days because service has not yet been effectuated and Counsel for Defendant has not yet answered or appeared in this action. The undersigned sincerely apologizes for this late request; additionally, we respectfully request that we have an additional 30 days to effectuate service. Due to a clerical error, a request for issuance of summons was never filed in this action. The Defendant received courtesy copies of the Complaint, Summons, and Initial Conference Order and would not be prejudiced by this extension. This request will grant ample time for the Defendant to appear and discuss a possible resolution with Plaintiff's Counsel. This is the Plaintiff's first request for an extension.

Respectfully submitted,

GOTTLIEB & ASSOCIATES PLLC
*/s/Michael A. LaBollita, Esq.*
Michael A. LaBollita, Esq.

---

Application granted.  Plaintiff's December 6, 2024 request to adjourn the initial pretrial conference and for an extension of time to effectuate service, Dkt. No. 7, is granted.  The initial pretrial conference scheduled for December 10, 2024 is adjourned to February 4, 2025 at 3:00 p.m.  The joint status letter and proposed case management plan described in the Court's August 6, 2024 order are due no later than January 28, 2025.

Under Rule 4(m), the Court must extend the time to serve if plaintiff has shown good cause, and may extend the time to serve even in the absence of good cause.  *See* Fed. R. Civ. P. 4(m) advisory committee's note (1993 Amendments).  The Second Circuit has explicitly held that district courts have discretion to grant extensions of time for service of process even in the absence of good cause.  *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).  Here, Plaintiff's "clerical error," which caused delay in requesting issuance of summons, does not constitute good cause.  A "delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause."  *Oyewole v. Ora*, 291 F. Supp. 3d 422, 430 (S.D.N.Y. 2018), aff'd, 776 F. App'x 42 (2d Cir. 2019) (denying Plaintiff's second request for an extension of time to serve when counsel failed to actively monitor the process server's performance).  However, the Court will exercise its discretion in this instance and will extend the time to effectuate service because this is Plaintiff's first request for an extension of time to effectuate service.  The deadline for Plaintiff to effectuate service on Defendant in the manner required by the Federal Rules is extended to December 23, 2024.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 7.

SO ORDERED.

Dated: December 6, 2024
New York, New York

GREGORY H. WOODS
United States District Judge